IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.: 1:15-cv-00736-WJM-MJW

Bryan Gile,

        Plaintiff,

v.

FedEx Freight Inc.,

        Defendant.

---

## STIPULATED PROTECTIVE ORDER ( Docket No. 21-1 )

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.     This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure and designated as "Confidential" pursuant to the terms of this Protective Order.

2.     As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3.     CONFIDENTIAL information shall include, but not be limited to:  (a) All confidential and proprietary information relating to Plaintiff's and Defendant's respective businesses, including confidential information concerning their respective  current or former employees when designated as "Confidential" as provided herein; (b) Documents and information produced by Plaintiff concerning Plaintiff's individual medical, personal identification, financial and/or tax records when designated as "Confidential" as provided herein; and (c) documents obtained by Defendant through releases produced by Plaintiff concerning Plaintiff's medical, personal identification, financial and/or tax records.  CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4.     CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

a.     attorneys actively working on this case;

b.     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c.     the parties, including designated representatives of Defendant;

d.     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e.     the Court and its employees ("Court Personnel");

f.     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.     deponents, witnesses, or potential witnesses; and

h.      other persons by written agreement of the parties.

5.      Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.      Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.      In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as "Confidential" in a written communication or in an electronic mail message to the non-producing party as set forth in Paragraph 6 above.

8.      Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly

given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.     In the event it is necessary for the Parties to file CONFIDENTIAL information with the Court in connection with any proceeding or motion, the CONFIDENTIAL information shall be filed in accordance with the requirements of D.C.COLO.LCiv.R 7.2.

10.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

11.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy

CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents,

the destroying party shall provide all parties with an affidavit confirming the destruction.

    12.    This Protective Order may be modified by the Court at any time for good cause

shown following notice to all parties and an opportunity for them to be heard.

STIPULATED TO AND APPROVED AS TO FORM this 17TH of June, 2015.

| | |
|---|---|
| _____ | *s/ Raymond W. Martin* |
| Bryan Gile | Raymond W. Martin |
| P.O. Box 5114 | Kasey A. Meyer |
| Eagle, Colorado 81631 | Wheeler Trigg O'Donnell LLP |
| Telephone: (970)-376-7976 | 370 17th Street, Suite 4500 |
| bryangile@pacmaan.com | Denver, Colorado 80202 |
| | Telephone:  (303) 244-1800 |
| Plaintiff, *Pro Se* | Facsimile:  (303) 244-1879 |
| | Email:   martin@wtotrial.com |
| |       kmeyer@wtotrial.com |

Attorneys for Defendant FedEx Freight, Inc.

SO ORDERED this 17th day of June, 2015.

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO